**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

JOSHUA ADAM REAVIS PLAINTIFF

v. 3:26-cv-00158-KGB-JJV

FRANK BISIGNANO,
Commissioner,
Social Security Administration, DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to Chief United States District Judge Kirstine G. Baker. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff, Joshua Reavis, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded Mr. Reavis had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers that Plaintiff could perform despite his impairments. (Tr. 17-29.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend that Plaintiff's Complaint be DISMISSED.

In summary, for the reasons stated below, I find Mr. Reavis failed to carry his burden of proving he is disabled. Aside from Plaintiff's subjective allegations, the objective medical evidence in the Administrative Transcript (Doc. No. 4) fails to support an allegation of complete disability.

Plaintiff is young – only thirty-nine years old at the time of the administrative hearing. (Tr. 38.) He is a high school graduate, (*id.*), and has past work as a groundskeeper. (Tr. 28.)

The ALJ[1] first found Mr. Reavis met the insured status requirements of the Social Security

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

Act and has not engaged in substantial gainful activity since his alleged onset date of August 31, 2023. (Tr. 19.) He has "severe" impairments in the form of obesity, osteoarthritis, diabetes, hypertension, headache/migraine, peripheral vascular disease. (Tr. 20.) The ALJ found Mr. Reavis did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 22-23.)

The ALJ determined Plaintiff had the residual functional capacity (RFC) to perform a reduced range of light work. (Tr. 23.) Based on this RFC assessment, the ALJ determined Plaintiff could no longer perform his past relevant work as groundskeeper. (Tr. 28.) Therefore, the ALJ utilized the services of a vocational expert to consider available jobs for a hypothetical person with Plaintiff's RFC. (Tr. 48-55.) Based in part on the testimony of the vocational expert, the ALJ determined Plaintiff could perform the jobs of ticket seller and rental clerk - despite his limitations. (Tr. 29.) Accordingly, the ALJ determined Mr. Reavis was not disabled. (*Id.*)

The Appeals Council received additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-9.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Plaintiff argues the ALJ failed to adequately evaluate whether his migraines medically equaled Listing 11.02. (Doc. No. 7 at 7-8.) He argues, "ALJ Hansen made the conclusory statement with no analysis that Mr. Reavis does not equal Listing 11.02 when the medical records when examined show that Mr. Reavis clearly does equate to Listing 11.02 for migraines." (*Id.* at 8.)

"Primary headache disorder is not a listed impairment in the Listing of Impairments . . .

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

[but] [e]pilepsy (listing 11.02) is the most closely analogous listed impairment for an [medically determinable impairment] of a primary headache disorder." Social Security Ruling 19-4p. Listing 11.02 provides:

> 11.02 Epilepsy, documented by a detailed description of a typical seizure and characterized by A, B, C, or D:
>
> A. Generalized tonic-clonic seizures (see 11.00H1a), occurring at least once a month for at least 3 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C).
>
> OR
>
> B. Dyscognitive seizures (see 11.00H1b), occurring at least once a week for at least 3 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C).
>
> OR
>
> C. Generalized tonic-clonic seizures (see 11.00H1a), occurring at least once every 2 months for at least 4 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C); and a marked limitation in one of the following:
> 1.Physical functioning (see 11.00G3a); or
> 2.Understanding, remembering, or applying information (see 11.00G3b(i)); or
> 3.Interacting with others (see 11.00G3b(ii)); or
> 4.Concentrating, persisting, or maintaining pace (see 11.00G3b(iii)); or
> 5.Adapting or managing oneself (see 11.00G3b(iv)).
>
> OR
>
> D. Dyscognitive seizures (see 11.00H1b), occurring at least once every 2 weeks for at least 3 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C); and a marked limitation in one of the following:
> 1.Physical functioning (see 11.00G3a); or
> 2.Understanding, remembering, or applying information (see 11.00G3b(i)); or
> 3.Interacting with others (see 11.00G3b(ii)); or
> 4.Concentrating, persisting, or maintaining pace (see 11.00G3b(iii)); or
> 5.Adapting or managing oneself (see 11.00G3b(iv)).

20 C.F.R. Pt. 404, Subpt. P, App. 1.

A claimant has the burden of proving his condition meets or equals an impairment listed in Appendix 1. 20 C.F.R. § 404.1525(d) (1997); *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995);

*see Marciniak v. Shalala*, 49 F.3d 1350 (8th Cir. 1995). For a claimant to show that his impairment matches a listing, that impairment must meet all the specified medical criteria. *Marciniak*, 49 F.3d at 1353. An impairment that manifests only some of those criteria, no matter how severely, does not qualify. *Id.*

The critical issue here is that a claimant must provide *medical findings* that support each of the criteria for the equivalent impairment determination. *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990)(emphasis added). This he simply has not done. Plaintiff has only provided subjective allegations to support his claim of disabling migraines. The medical records that he points to in his brief are recitations of Plaintiff's subjective complaints. Yet, Plaintiff's objective examinations almost always revealed normal findings. (Tr. 391-92, 395-396, 416, 419-420, 423, 425, 429, 432, 468, 480, 486, 651, 653, 656, 658, 661, 663, 668, 670, 673.) Accordingly, the ALJ could conclude "the claimant's migraines are not of listing level severity." (Tr 23.)

I agree with Plaintiff that the ALJ "made the conclusory statement with no analysis." (Doc. No. 7 at 8.) The Commissioner can and should do better. Yet, Plaintiff is reminded that it was his burden to prove he met or medically equaled the Listing. As the Commissioner argues, "Plaintiff shoulders the dual burden of production and persuasion through step four of the sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000) (burden of proof rests with the claimant at step four)." (Doc. No. 10 at 4.) And after carefully considering the requirements of Listing 11.02, I find Plaintiff did not provide any objective medical evidence to corroborate his claims of frequent, debilitating headaches.

Plaintiff also argues that the ALJ committed error in evaluating his subjective symptoms. (Doc. No. 7 at 9-15.) The ALJ analyzed Mr. Reavis's symptoms considering Social Security

Ruling 16-3p. (Tr. 23.) That ruling tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
>
> 2. the duration, frequency and intensity of the pain;
>
> 3. precipitating and aggravating factors;
>
> 4. dosage, effectiveness and side effects of medication;
>
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

After close review, I find the ALJ fairly evaluated Mr. Reavis's subjective symptoms. (Tr. 23-26.) The ALJ fully considered all the evidence presented. As the ALJ explained, "The medical evidence as a whole does not support the claimant's statements concerning the intensity, persistence and limiting effects of his symptoms. Clearly, he has some problems, but the medical evidence of record is simply not supportive of the level of limitations that would be disabling." (Tr. 26.) The ALJ also accurately accounted for the limitations supported by the record and correctly concluded Plaintiff had the residual functional capacity to perform a reduced range of light work activities. Accordingly, I find no basis to overturn the ALJ's subjective symptom evaluation or residual functional capacity assessment. Given this limited review, second-guessing an ALJ's assessment of subjective symptoms is an agonizing task. Mr. Reavis clearly has

limitations and some medical and mental health issues. However, being mindful of the "substantial evidence" test in these cases, the record contains adequate objective medical evidence to support the ALJ's determination here.

Plaintiff also argues that the ALJ erred in finding his anxiety and depression were not "sever" impairments. (Doc. No. 7 at 15-17.) A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 416.920(c) (2007). It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d at 1396; *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

> (a) *Non-severe impairment(s).* An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b) *Basic work activities.* When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921 (2007).

After careful review, I find the medical evidence supports the ALJ's decision. (Tr. 20-22.) The ALJ thoroughly explained his reasoning as to why he concluded Plaintiff's diagnoses were not "severe" mental impairments. State agency doctors Julie Bruno, Psy.D., and Margaret Podkova, Psy.D., reviewed Plaintiff's mental health records and also concluded that his depression and anxiety were not "severe" impairments. (Tr. 59-61, 79-80.) The findings of Drs. Bruno and

Podkova alone can be considered substantial evidence so long as their opinions are supported by the record. Such is the case here as Plaintiff's mental health records reveal he is not significantly limited in his mental ability to do basic work activities. (Tr. 511-539, 557-633, 678-763.)

Lastly, I have carefully considered Plaintiff's arguments regarding the flawed hypothetical questions and the vocational expert testimony. (Doc. No. 7 at 18-22.) I fully agree with the Commissioner's responses to these arguments. (Doc. No. 10 at 13-19.) I find the ALJ committed no error here.

Plaintiff clearly has some limitations. But as previously stated, Plaintiff had the burden of proving his disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, he bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Ultimately, reversing this matter would require me to reweigh the evidence and reach a different conclusion. *Austin v. Kijakazi*, 52 F.4th 723, 730 (8th Cir. 2022) (quoting *Schmitt v. Kijakazi*, 27 F.4th 1353, 1361 (8th Cir. 2022)). The law precludes the Court from doing this.

Counsel has done an admirable job advocating for Plaintiff's rights. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. *Ross v. O'Malley*, 92 F.4th 775, 779 (8th Cir. 2024).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole

that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 19th day of October 2026.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE